```
                         United States Bankruptcy Court
                              District of Oregon
```

In re:                                                          Case No. 14-33794-rld
Jason Riggs                                                     Chapter 13
        Debtor             **CERTIFICATE OF NOTICE**

District/off: 0979-3           User: Admin.              Page 1 of 1            Date Rcvd: Oct 03, 2016
                               Form ID: pdf018           Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 05, 2016.
db             +Jason Riggs,    365 NE Palmblad DR,    Gresham, OR 97030-1123

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

                ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 05, 2016                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 3, 2016 at the address(es) listed below:
NONE.                                                                                                TOTAL: 0

Below is an Order of the Court.

_/s/ Randall L. Dunn_
RANDALL L. DUNN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) Case No. **14-33794-rld13**
**Jason Riggs,** )
) ORDER, DRAFTED ON: **09/30/16** ,
) RE: RELIEF FROM (Check ALL that apply):
) ☒ DEBTOR STAY ☐ CODEBTOR STAY
) CREDITOR: **Wilmington Trust, National Association*** 
Debtor(s) ) CODEBTOR:_____

The undersigned, **Nathan F. Smith**, whose address is **2112 Business Center Drive Second Floor, Irvine, CA 92612**, Email address is **nathan@mclaw.org**, Phone No. is **949-252-9400**, and any OSB # is **120112**, presents this Order based upon:

☐ The completed Stipulation of the parties located at the end of this document.

☐ The oral stipulation of the parties at the hearing held on _____.

☐ The ruling of the court at the hearing held on _____.

☐ Creditor certifies any default notice required by pt. 5 of the Order re: Relief from Stay entered on _____ was served, and that debtor has failed to comply with the conditions of that order.

☒ Creditor certifies that no response was filed within the response period plus 3 days to the Motion for Relief from Stay that was filed on **09/12/16** and served on **09/12/16**.

**IT IS ORDERED** that, except as provided in pt. 4 below, the stay existing pursuant to 11 USC §362(a) shall remain in effect as to the property described below (hereinafter "the property"):

☐ Personal property described as (e.g., 2001 Ford Taurus):

☒ Real property located at (i.e., street address):
**365 NE Palmblad Drive**
**Gresham, OR 97030**

☐ [Optional UNLESS In Rem Relief Granted] Exhibit A attached hereto is the legal description of the property.

720.90 (12/1/10)   **Page 1 of 3**

**IT IS FURTHER ORDERED** that the stay is subject to the conditions marked below:

☐ 1. **Regular Payment Requirements**.

    ☐ a. Debtor(s) shall deliver regular monthly payments in the amount of $_____ commencing _____ to Creditor at the following address:

    ☐ b. The Chapter 13 trustee shall immediately pay and disburse to Creditor the amount of $_____ per month from funds paid to the trustee by Debtor(s), and continue each month until the plan is confirmed, at which time the plan payment terms shall control. Payments made by the trustee under this order shall be deemed to be payments under the plan for purposes of the trustee's collection of percentage fees.

    ☐ c. Debtor(s) shall pay to the trustee any and all payments required to be paid under the terms of the Chapter 13 plan.

☐ 2. **Cure Payment Requirements**. Debtor(s) shall cure the post-petition default of $_____ consisting of

    (e.g., $\_\_\_\_\_ in payments and $\_\_\_\_\_ in late charges for April - June, 2002), as follows:

    ☐ a. In equal monthly installments of $_____ each, commencing _____ and continuing thereafter through and including _____.

    ☐ b. By paying the sum of $_____ on or before _____, and the sum of $_____ on or before _____.

    ☐ c. Other (describe):

☐ 3. **Insurance Requirement(s)**. Debtor shall maintain insurance on the property at all times as required by the security agreement, naming _____ as the loss payee.

    On or before _____ Debtor(s) shall provide counsel for Creditor with proof of insurance.

☒ 4. **Stay Relief and Codebtor Stay Relief without Cure Opportunity**.

    ☐ a. Upon default in the conditions in pt(s). _____ Creditor may file and serve a certificate of non-compliance specifying the default, together with a proposed order terminating the stay to allow Creditor to foreclose on, and obtain possession of, the property to the extent permitted by applicable nonbankruptcy law, which the Court may grant without further notice or hearing.

    ☐ b. The stay is terminated to allow Creditor to foreclose on, and obtain possession of, the property to the extent permitted by applicable nonbankruptcy law, provided that a foreclosure sale shall not occur prior to _____.

    ☐ c. Creditor is granted relief from stay effective _____ to foreclose on, and obtain possession of, the property, to the extent permitted by applicable nonbankruptcy law.

    ☒ d. Creditor is granted relief from stay to foreclose on, and obtain possession of, the property, to the extent permitted by applicable nonbankruptcy law.

    ☐ e. If a Creditor with a senior lien on the property is granted relief from stay, Creditor may file and serve a certificate identifying the senior lien holder and a proposed order terminating the stay, which the Court may grant without further notice or hearing.

    ☐ f. Creditor is granted relief from stay to _____.

    ☐ g. Creditor is granted "in rem" relief from stay with respect to the real property described above and in Exhibit A. This order shall be binding in any other case filed under 11 USC purporting to affect such real property filed not later than two (2) years after the date of the entry of this order unless the bankruptcy court in the subsequent case grants relief from this order. Any governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this order for indexing and recording.

- [ ] h. Creditor is granted relief from the codebtor stay, as it applies to the codebtor(s) named in the caption above, to enforce the terms of the contract and collect the deficiency balance.

- [ ] 5. **Stay Relief with Cure Opportunity**. Upon default in the checked condition(s) in pt(s). 1 - 3, Creditor shall serve written notice of default on ☐ Debtor(s) and ☐ Attorney for Debtor(s) that gives Debtor(s) ____ calendar days after the mailing of the notice to cure the default. If Debtor(s) fails to cure the default in accordance with this paragraph, then Creditor shall be entitled to submit a proposed order terminating the stay, which the Court may grant without further notice or hearing.

  - [ ] a. The notice of default may require that Debtor(s) make any payment(s) that becomes due between the date the notice of default is mailed and before the cure deadline.
  - [ ] b. The notice of default may require Debtor(s) to pay $_____ for the fees and costs of sending the notice.
  - [ ] c. Only ____ notices of default and opportunity to cure are required per ☐ year (calculated from date of entry of this order), ☐ during the remainder of this case, or ☐ (describe):

- [ ] 6. **Amended Proof of Claim**. Creditor shall file an amended proof of claim to recover all accrued post-petition attorney fees and costs and (describe):

- [x] 7. **Miscellaneous Provisions**.
  - [ ] a. If Creditor is granted relief from stay, the 14-day stay provided by Fed. Rule Bankr. Proc. 4001(a) shall be waived.
  - [x] b. Any notice that Creditor's counsel shall give to Debtor(s)/Codebtor, or attorney for Debtor(s)/Codebtor, pursuant to this order shall not be construed as a communication under the Fair Debt Collection Practices Act, 15 USC §1692.

- [ ] 8. A final hearing on Creditor's motion for relief from stay shall be held on _____ at _____ in _____.

- [x] 9. Other:
  **\*Not in its Individual Capacity, But Solely as Trustee for VM Trust Series 1, a Delaware Statutory Trust**

**PRESENTED, AND CERTIFIED, BY:** ###

**/s/ Nathan F. Smith**_____

IT IS SO STIPULATED:

Creditor's Attorney:  Debtor(s)'s Attorney:

Name: _____  Name: _____
OSB#: _____  OSB#: _____

NO OBJECTION TO ORDER BY CASE TRUSTEE:  Codebtor's Attorney:

By:_____  _____
 Name: _____
 OSB#: _____

720.90 (12/1/10)   Page 3 of 3